## Vedder et al. v. Pennsylvania Railroad Co. No. 2

*Kain, Kain & Kain,* for plaintiff.

*Spencer R. Liverant,* for defendant.

ANDERSON, J., May 25, 1942.—This matter is before the court on defendant's motion to strike off plaintiff's statement of claim, for the following reasons:

"That the said action was brought after the expiration of six months from the date of death of the said Harry R. Dise, but that the plaintiff, Millard E. Dise, administrator of the estate of Harry R. Dise, late of York County, Pennsylvania, deceased, does not designate himself as trustee *ad litem* for the parties entitled in accordance with Rule of Civil Procedure 2202(b) ; nor does he as required by Rule of Civil Procedure 2204 plead that said action was brought on behalf of all persons entitled to recover the alleged damages; nor does he aver that no other action for the wrongful death was then pending."

The reasons alleged for striking off the statement of claim will be disposed of in the order in which presented.

1. A careful reading of Pa. R. C. P. 2202(*b*) discloses at once that the phrase ". . . as trustee ad litem on behalf of all persons entitled to share in the damages" does not refer to the personal representative bringing the action, but does refer to the action when brought ". . . by any person entitled by law to recover damages in such action . . ." The personal representative is of course a fiduciary and as such acts in the litigation on behalf of all persons entitled to share in the damages.

2. While it is true that plaintiff in his statement does not in so many words state that the action is brought on behalf of all persons entitled to recover the alleged damages as required by Rule 2204, as argued by defendant in its motion, yet plaintiff does substantially comply with this requirement by stating in his pleadings that the action is brought by the administrator of the deceased's estate duly appointed by the

register of wills on May 11, 1940, and in paragraph 11 states that the deceased left no children to survive him but is survived by his father, Millard E. Dise, and by his wife, Josephine Dise. If these facts are true they are the only persons in addition to the administrator himself who would be entitled to recover. And as above stated, by virtue of his representative capacity he must now be suing on behalf of all persons entitled to recover.

3. As to the third objection that there is no averment that no other action for the wrongful death was then pending, it does not seem imperative that where the personal representative brings the action such a statement is mandatory. The rules state that while an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death and if any other action was pending when this suit was instituted this suit of course would be barred, but a failure to allege in the pleadings that no other action was pending would not seem a valid reason to strike off the statement. Goodrich-Amram state in their commentary on the plaintiff's pleading (p. 72) that if the plaintiff is spouse, child, or parent of the deceased it will also be necessary to aver that no other action for wrongful death is pending, which by implication at least would indicate that the personal representative need not so state. At any rate this could not be considered a fatal error and could be corrected by amendment if necessary at the trial.

"Inaccuracies or omissions in the recitals required by Rule 2204 are errors of form only and do not make the plaintiff's pleading substantively defective. Since the error is one of form, it may be corrected by amendment at any stage of the action": Goodrich-Amram Civil Practice, §2204-1. The rule to strike off plaintiff's statement must therefore be discharged.

And now, to wit, May 25, 1942, the rule heretofore granted on defendant's motion to strike off plaintiff's statement of claim is therefore discharged.